STATE, ex rel. CITY ASPHALT & PAVING COMPANY, Relator-Appellee, v. CAMPBELL (City), Respondents-Appellants.

Ohio Appeals, Seventh District, Mahoning County.

No. 3660.   Decided November 18, 1954.

Manchester, Bennett, Powers & Ullman, Youngstown, for relator-appellee.

Paul Van Such, Youngstown, for respondents-appellants.

## OPINION

By PHILLIPS, J.

In relator's action in mandamus filed in the court of common pleas a judge of that court ordered respondent Glass, Auditor of Respondent City of Campbell, to issue and deliver to relator, a corporation, a warrant drawn on respondent, Kraynak, Treasurer of respondent city, for $6,764.10 for material furnished and for work done by relator for respondent city in accordance with a contract executed by relator and respondent city on the 28th day of October, 1952.

Respondents appealed from that order and judgment to this court on questions of law.

Respondents contend that "the primary question before this court is to determine whether or not" the following certificate of respondent auditor which was attached to the contract, "sufficiently complies with §5705.41 R. C." (§5625-34 GC).  The contract and certificate provides:—

"This contract made and entered into at Campbell, Ohio, on this 28 day of October, 1952 by and between the City of Campbell, Ohio, a Municipal Corporation hereinafter designated as the 'City' and the City Asphalt and Paving Company, hereinafter designated as the 'Contractor.'

"Witnesseth:

"That Whereas, the Council authorized the purchase of 100,000 square yards of Seal Coating for the surface treatment of approximately 100,000 square yards of streets in the City of Campbell by Resolution No. 52-1689; and

"Whereas, the City Asphalt and Paving Company submitted their bid in compliance with said notice, which bid was determined to be the lowest and best bid submitted.

"Now, therefore, in consideration of the terms, conditions, premises and stipulations hereinafter set forth, it is hereby mutually agreed by and between the parties hereto as follows:

"I. The Contractor shall furnish all labor, equipment and materials necessary to accomplish the surface treatment he will directed to accomplish. (Sic)

"II. Said improvement shall be made in accordance with the specifications, therefor, now on file in the office of the Director of Public Safety and Service of said City, said specifications being the same as those set forth in the State of Ohio Department of Highways Construction and Material Specifications, dated January 1, 1952, a copy of which is in the possession of the contractor, and all of which are hereby made a part of this contract by reference with the same force and effect as though hereto attached.

"III. Said construction shall be made in good, workmanlike manner, and under the supervision of the City Engineer and the approval of the Director of Public Safety and Service.

"IV. The contractor shall be deemed an independent contractor at all times during the progress and construction of said improvement not withstanding the supervision and inspection thereof by the City Engineer as aforesaid.

"V. The contractor shall exercise all reasonable precautionary measures during the progress of said repairs so as to warn and protect persons and property from injury or damage, and shall reimburse the City and save it harmless from any claims or judgment against it by reason of the Contractor's failure or neglect to comply with this provision, whether such be the result of the failure or neglect of the Contractor, its agents, servants or employees.

"VI. Upon the completion of said repairs the contractor shall restore the site to the conditions specified so as not to endanger persons, and property, and shall be liable to the city and shall reimburse it in the amount and to the extent that it may be required by just claims and (or) judgments rendered against it in any legal proceedings as the result of said contractor's failure or refusal to comply with this provision.

"VII. As to material, labor and use of equipment in the repairs of said improvement, the contractor shall comply with the laws of the State of Ohio, relating to Mechanic's Liens, and shall satisfy the Director of Public Safety and Service as to such compliance before final payment under the provisions of this contract.

"VIII. The city shall pay to said contractor according to the following schedule:

"Single Seal: Labor 10c and material 10c or a total of 20c per square yard.

"Double Seal: Labor 15c and material 15c or a total of 30c per square yard.

"Payment shall be made as follows: The sum of $3,000.00 shall be paid upon the completion of the work undertaken and accepted by the city this year and the balance to be paid in monthly payments, it being understood that the total bill is to be paid in full on or before December 15, 1953, provided, however, that such payments and final payment shall not be deemed or construed as proof that said improvement was repaired in strict compliance with this contract and the specifications therefor, and city hereby reserved the right to recover from said contractor any damage it may or may have sustained for non-compliance herewith.

"IX. In the event that there is extra work to be done in connection with this improvement which work is not covered by this contract, the Engineer will meet with the Contractor and the Director of Public Safety and Service and reach an agreement on the compensation the Contractor is to receive for this work.

"X. Before commencing work under this contract the contractor shall furnish a performance bond and a guarantee for one (1) year to the city in the sum of two thousand ($2,000.00) dollars conditioned upon the faithful performance of all the terms, conditions and provisions of this contract, which bond shall be subject to the approval of the Director of Public Safety and Service.

"In Witness Whereof, the City of Campbell, Ohio, has caused its name to be hereto affixed by its Director of Public Safety and Service duly authorized in the premises, and said City Asphalt and Paving Company has hereunto subscribed its name by Henry Garlick, its V. Pres. at the place and on the day first above written.

"Signed in the Presence of:

  The City of Campbell, Ohio
  By John J. DeMart
   Director of Public Safety
William Glass   and service.
  City Asphalt and Paving Company
Pauline Clement   Henry Garlick
   * * * *   * * * *

"The foregoing contract is hereby approved, and the Director of Public Safety and Service is hereby authorized and directed to enter into and execute the same in behalf of the said City of Campbell, Ohio, on this 28 day of October, 1952.

  Board of Control of The
  City of Campbell, Ohio
  By Michael J. Kovach
   Mayor
  And John J. DeMart
   Director of Public
   Safety and Service

"The foregoing contract is hereby approved as to form and legality on this 28 day of October, 1952.

By:   Paul R. Van Such
City Solicitor

\* \* \* \*                                         \* \* \* \*

AUDITOR'S CERTIFICATE.

"It is hereby certified that the amount of as per appropriation allocation dollars (\$_____) required to meet the contract agreement, obligation, payment or expenditure, for the above, has been lawfully appropriated or authorized or directed for such purpose and is in the treasury or in process of collection to the credit of the St. Repair Fund free from any obligation or certification now outstanding.

"Dated this 28 day of Oct., 1952.

By William Glass
City Auditor."

As applicable §5705.41 R. C. provides:—

"No subdivision or taxing unit shall:

"(A) Make any appropriation of money, except as provided in §§5705.01 to 5705.47, inclusive, R. C.; provided that the authorization of a bond issue shall be deemed to be an appropriation of the proceeds of the same for the purpose for which such bonds were issued, but no expenditure shall be made from any bond fund until first authorized by the taxing authority;

"(B) Make any expenditures of money unless it has been appropriated as provided in such sections; \* \* \*."

In our opinion the form and substance of the certificate of respondent auditor meets the requirements of §5705.41 R. C.; and since in the absence of a bill of exceptions we can but assume the truth thereof the judgment of the court of common pleas must be and hereby is affirmed.

GRIFFITH, PJ, NICHOLS, J, concur.